States v. Danford, Appeal No. 22-2868. Mr. Patton, whenever you're ready. Good morning, Your Honors. I'm Tom Patton, and I represent Mr. Danford. In this case, for count two, for Mr. Danford to be guilty of count two, there had to be a lascivious exhibition of the minor's anus, genitals, or pubic area. And in the factual basis provided to the court, the government literally said that the minor's genitals and anus are not visible. Mr. Patton, though, do we need to reach that issue in this case? And here's the reason I ask. Under plain error review, it seems like Price and Griesbach addressed this very issue. And in order to find plain error, I think we'd have to disagree with or at least reject the language in Price v. Griesbach. And how can that be plain error? Your Honor, I have to disagree with you that somehow Price or Griesbach are contrary to the arguments we're making. In fact, our argument is completely consistent with Price in that. But let's say I agree with you on the word exhibition. You read the statute. You see it, right? But in Price, we said the victim doesn't have to be naked. Sure. I mean, Price just says you don't have to have nudity, because nudity's not in the statute, right? But they have to be exhibited. But how can they be exhibited? If you're not naked, how can they be exhibited? Because you can see them even though they're covered with clothes. If somebody's taking shots of somebody in their underwear, their genitals, that's an exhibition. Now whether it's lascivious or not is a different question. So there's a difference between it's visible in the image, but it's not nudity, and the statement of you simply cannot see that the anus, genitals, or pubic area. There has to be an actual exhibition. It's a lascivious exhibition. And if you literally, you can't see them because they're just not in the image at all. It's not that you can't see them directly because there's some clothing covering them. It is they are not visible in the image, period. That's the distinction. And I think that's what it comes down to in this case, because the government's, the entirety of the real argument is in footnote 11 of their brief. That's it. Because this isn't a case about lasciviousness. We discussed lasciviousness in our opening brief to try and explain why we think things went off the rails. I don't think it's lost on anyone that the first dose factor is that the minor's genitals or anus are the focal point of the image. And that brings me to the question. It's a slightly different way, I think, of following up on Judge Kirsch's question. There's been a lot of discussion in various cases over the years about these dosed factors. And we've been a little, well, more than a little unfavorable to them. But on the other hand, at plain error review, I want to know first, would you say that under the dosed factors, this exhibition counts, that liability could be based on that sort of analysis with focal points and unnatural poses and coyness and all the rest of that stuff? Because if it could be sustained under the dosed factors, then even if we don't like the dosed factors that much, we've never forbidden their use. And does that make an error plain? This would not be a lascivious exhibition under dosed, because the anus, genitals, and pubic area just aren't exhibited. Well, but I'm just looking at the factors. And it does seem to satisfy quite a few of these things, whether the unnatural pose, bent over the bed, or the state of dress. There is validity in this. You know, you know what they are. I mean, two things about that. First, the dosed factors are designed to decide, is an actual exhibition lascivious? Dosed is not designed to answer the question of, is there an exhibition? All right, so that's number one. So while the dosed factors would maybe lead you to say, this image on a whole is a lascivious image, right, because of some of the different factors. But that's not the question. It can't be a lascivious exhibition if there's not an exhibition. Because if you take this, if this violates the statute, then mere nudity can violate the statute, right? Well, I'm not sure I would go that far. I mean, because what we have is this view of victim two, right, that's like a half a step away from exactly what the statute's talking about, the depiction of the genitalia, the anus, et cetera. And lubricant, I mean, just all sorts of things intended to say, you know, this is going to evoke in your mind this kind of pornographic. It's lascivious. I would not stand here and argue that it's not lascivious. And it violates a number of different Indiana statutes. The Indiana child pornography, child exploitation statute covers any fondling of someone under the age of 14 with the intent to arouse sexual gratification. It clearly does that. It violates Indiana's child molestation statute. It violates any number of state statutes. Just like in Howard, the conduct's reprehensible. It just doesn't violate this statute. The government likes this statute because it's got massive penalties. And that's why, as in Howard, they push it to the extreme. And here, they've just pushed it past the line because by their own admission, their own factual basis, there is no exhibition. Can we go back to the clothing? So would you say that there's sort of a sheerness requirement that if it's clothed, then you need to be kind of able to see through it a little bit? No, Your Honor. I don't think I could cite any case law that would support that. In fact, there's quite a bit of case law that says the opposite, that it doesn't have to be sheerness. The clothing can be opaque. But some of them are like the kids doing cartwheels on a beach wearing bathing suits. But the image is focused in when they're in the upside-down part of the cartwheel. Their legs are spread. You're focused in. Knox from the Third Circuit's one of the original ones where it's gymnastics kind of stuff. So they're wearing leotards that aren't sheer at all. But they're focusing in on the genitals and the pubic area. And so the court said, hey, look, that is an exhibition of the pubic area. And nudity is not a requirement of the statute. And that's what Price was about. The fight in Price was just the defendant there. He was pro se. He was arguing, hey, they're all clothed. So it can't be an exhibition. And this court, in line with every other court that's addressed it, says, no, nudity is not at issue because nudity is not in the statute. And so the question is, what's the principal distinction between the child wearing a leotard and this picture, which is, again, kind of one step removed from actual viewing of the prohibited areas? Sure. That it's one step removed. And look, I get it. In both cases it is. The leotard creates an extra step for the imagination. And having a particular angle of the camera does the same thing. It does the same thing. But the difference is material in that there isn't an exhibition. And if that's not the standard, then you have real First Amendment problems. Because remember, the lascivious exhibition, the sexually explicit conduct, comes from Ferber. It's where the Supreme Court said, hey, look, we aren't going to assume that courts are going to push this standard as far as they possibly can. And that's what's happening here. And if I could, I'd like to reserve the rest of my time for rebuttal, please. May it please the Court. My name is Corbin Houston, Assistant United States Attorney on behalf of the United States. In both his briefing and argument, Mr. Danford proceeds as if de novo review is applicable here. As we know, plain error is applicable. That is, we ask whether the alleged error is so contrary to well-settled law to warrant overruling the lower court's findings. But here's my problem with this. I do think Mr. Patton is making a serious point when he says the word exhibition in its plain meaning—I mean, you can get roomfuls of dictionaries—means you can see it, whether you're seeing it with a leotard on it or whether you're seeing it not. And that's what isn't there here for victim two. And so what that leads me to wonder is, did government just charge the wrong offense? I mean, because you're stuck with your charging decision, but if you can't see it, I don't know how it's exhibited. I believe the fatal misstep by Mr. Danford is looking at exhibition in a vacuum and not the total statutory scheme. I do believe it's important that we continue to ground ourselves in the plain error standard. That is— You know, but what in the statute says exhibition doesn't mean exhibition? Exhibition means it can be hidden, and it's still enough. Well, there's nothing in the statute specifically that would lead one to believe that exhibition includes instances where pixel boxes are covering a child's genitalia. Just based on the plain language of the text, one would not lead to the conclusion that there's no discernibility requirement which other circuits have held. And it's not a stretch that it's— Pixel boxes are more like the leotard. What we have here, you know, it would be like saying in terms—for a young male that if you take a photograph of his backside, you're actually also exhibiting what's in the front. And you're not. I mean, you're—it's not being exhibited, even though you assume it's there, you know, but it's not an exhibition of the thing that you're—that you've posed the person to hide. I believe in that example there's a fundamental difference in the sense that if you have just an image of an individual from the backside, I don't think the government could credibly say that the genitals or anus are the focal point of said image. Here we have a situation that is— Where does focal point come from other than dosed? It comes from dosed as well as, for example, in the United States— Not the statute. The statute doesn't say anything about focal point. And the United States— And so would you say every picture of somebody from behind necessarily has, you know, the anus, let's say, as a focal point? No, absolutely. As a close-up of their backside? Absolutely not, Your Honor. I believe there— I don't know how you get your line then, you know, because here, this is awful stuff. I mean, nobody says anything but that, but why it is an exhibition is a tough question. I believe the line would be at least under the plain error standard in the way the prosecution is proceeding, the way defense counsel is proceeding, and the way the district court is proceeding, under a belief, perhaps a mistaken belief, that not only is the visible depiction of the anus or genitals proscribed by Section 2251, but so are any images that make the genitals or anus the focal point. Why is it the focal point when you can't see it? Because of the highly sexually suggestive nature of the image. Now, more importantly, given the plain error standard, we don't even need to concern ourselves whether or not the focal point is the anus or the genitals. The defense has agreed upon that. That is, they agreed upon facts on appeal. But to entertain your question, I would say, and the United States sets this forth in its response brief, that given the bedroom setting, given that the minor victim is bent over, given that the likely observer of this image will bring to mind the anus or the genitals precisely because of the positioning of the child. It invokes the ultimate sexual act, a penetrative act, that in turn would involve the anus or genitals. And the United States concedes there has to be some workable end point. But we're not dealing with a situation where, say, a child is looking out on a beach and is naked. Nor are we dealing with a situation where a child is in a bedroom but just simply looking forward. We have a situation where the child is bent over. Mr. Danford is applying lotion to her buttocks. It is highly sexually suggestive. Oh, sure. The only question is, does it exhibit the listed body parts? And it certainly implies that they're there. Maybe that's the next step. But does it exhibit them? That's the question. Even if it does not exhibit, because courts have looked at lascivious exhibition in totality, and there's not a lot of case law that look at just exhibition, analyze that prong, and then analyze the lascivious prong. Most courts are looking at it in its totality. And any prosecutor worth his or her salt, any defense counsel, any good district judge is not going to look at the statute just blanketly as it stands. It's going to look at this court's leading decisions. You know, I just have to register a complaint here. I mean, people kind of turn like a light switch on and off plain language of statute, statutory interpretation methodologies. And oh, let's look at the whole thing. Let's look at the context. Let's look at case law. Let's look at extensions the judges have made. And sometimes I just wish we could settle on one or the other because it's a little disturbing. I agree, Your Honor. Mr. Huston, can I follow up on that? Very good point. Exhibition says exhibition, okay? And I can look this up myself, but in Price, when the district judge in Price instructed the jury on the douse factors, which we approved, did the district judge instruct the factors as when you're determined, in other words, telling the jury when you determine whether there was a lascivious exhibition, you should consider the following factors? Or did the district judge tell the jury when determining whether the image is lascivious, you should consider the following factors? I believe it was the former, but I would also have to return to the case. Because to me, that seems like a material distinction. If the district judge in Price said in determining whether the image was a lascivious exhibition, you can consider the following factors. And we approved those factors. Those factors do not require an exhibition of the genitalia. They just don't. I mean, that's one factor, but clearly the jury could weigh those factors and determine that there's a lascivious exhibition without a visual image of the genitalia. Price may be wrong in saying it's okay to instruct on those factors, but that's what we did in Price. We're here on plain error review, as you agree. I guess I just have to look at that. I don't know what the judge instructed the jury in Price. Precisely. And as a corollary, I do know in United States v. Russell, the approved upon instructions defined lascivious exhibition as, quote, a depiction which displays or brings to view to attract notice to the genitals or pubic area of children. Brings to view. There you go again. The same problem. But also, Judge, in United States v. Schenck, the circuit noted that to fall within 2251, quote, the focus of the image must be on the genitals or the image must be otherwise sexually suggestive. So I believe that that court's use of the term focus alongside the dose factors, alongside the fact that we're under plain error review, could lead a prosecutor, could lead a defense counsel, and could lead a district judge to perhaps err and conclude that 2251 includes images that make the child's genitals or anus the focal point. But again, we're not just simply asking whether the district judge erred. We're asking whether that error was clear and obvious based on not only the statutory text, but the case law writ large. And just in conclusion, Your Honor, Mr. Danford faces a very high burden not only in showing plain error on the substantive portion, but also the attempt portion as well. Did the district judge engage in colloquy on attempt? It did not, Your Honor. And this was probably not put as eloquently as it could have been in the brief. But that attempt alternative argument really goes to prom four of the plain error standard. Well, the question, though, is really is when I saw your attempt argument, I thought, well, maybe this is the fix for this problem. But then I don't see the kind of attention given to that possibility in the colloquy that that really is an escape hatch here. Correct. And the United States concedes that the factual basis as to the attempt could have been more robust. But again, under prong. Yes. That's pretty mild. In conclusion, under prong for this court has the discretion to correct plain errors. And if the result is going to be the same, which is the United States would say on remand subject to repleting, the United States would make that more robust factual finding. So in conclusion, the United States urges this panel to affirm the lower court's conclusions and findings. Thank you, Mr. Houston. Mr. Batty. Your Honor, the statute requires a lascivious exhibition. There has to be an exhibition. And so that's all of the cases the government talks about in their brief. And that's why I put the appendix in their reply brief. There are always exhibitions. Russell, I mean, the genitals, the pubic area of the anus are always visible. Sometimes clothed, but always visible. Price, visible. And the argument was about nudity. It is plain error to accept a guilty plea when there is not a factual basis to support that the conduct violates the statute. A gala day is a really good example of that in respect to a drug conspiracy. These are complex statutes, right? And what is a lascivious, what's sexually explicit conduct? It's not apparent that a lascivious exhibition meets that definition. But here it's plain error. And it's, look, I'm not alleging any bad faith on anybody's part. I don't think there are. But the government just chose to really push things on count too. And the defense didn't push back. I mean, I guess the thing that I'm struggling with, Mr. Patton, is that it's easy for me to imagine that if the Supreme Court takes up a case like this where the issue has been preserved, they're not likely to pay a whole lot of attention to what district and circuit judges have been struggling with for decades. The Supreme Court just hasn't addressed this problem. And they'll look at the text of the statute and may well just say, well, exhibition means exhibition, end of story. That's possible. But we also have this decades of case law where judges and sometimes juries, but district judges and sometimes circuit judges have been struggling with the varieties of human behavior and have, well, just struggled with it. And I'm having trouble seeing what's plain about this if you look at all that case law. Your Honor, where I would disagree with your analysis is that all the struggles that you're talking about all center around whether an exhibition is lascivious. They don't struggle with is there an exhibition because there has to be an exhibition. And, yes, it's plain error. Defense counsel didn't catch it. But as we said in the brief, Rule 11 puts duties on district judges. One of the reasons it puts it on district judges is in case defense counsel has made a mistake. Right? That's why the fact that you have counsel doesn't automatically solve any Rule 11 problems. And Rule 11 problems can still be plain error even if there's defense counsel. I see my time's up. Thank you, Mr. Bannon. Okay, we'll take the case under advisement. Our next case is you.